## Detroit and Milwaukee R. W. Co. v. Chas. E. Adams and others.

*Common carrier: Effect of special notice, after acceptance of goods.* A portion of a certain quantity of wool was delivered to the D. and M. R. R. Co., by the owner, and received by their agent for transportation, with the understanding that the balance should be sent to their depot as soon as they should give notice that they had cars to ship it.

The company having notified the owner, the balance of the wool was delivered to and accepted by them, whereupon the owner signed a shipping request, furnished to him, to the effect that said company would forward all of said wool, according to certain special conditions endorsed thereon, and limiting said company's liability.

Suit being brought for the value of a part of said wool, which it appeared was lost before the balance was shipped, it was held, that whatever might have been the effect of such a notice, if given before the delivery of the property at the depot, it came too late to affect the question of a prior delivery to, and acceptance by the company as a common carrier. At the time of the receipt of the notice, plaintiffs had a right to consider it as intended to refer only to the liability of the company in respect to the carriage of the property.

*Heard May 18th. Decided May 21st.*

Error to Oakland Circuit.

This action was brought against plaintiffs in error to recover the value of one sack of wool alleged to have been delivered to them, as carriers, for transportation.

Judgment was rendered in the court below for plaintiff (defendant in error).

The facts are stated in the opinion.

*Geo. Jerome, H. H. Emmons* and *Geo. W. Swift,* for plaintiffs in error.

Until the shipping request was sent and directions were given to ship the wool, it being retained at the request of the plaintiffs, the company did not assume the liability of common carriers. — 4 *Allen* 520; 5 *Mich.* 420; 7 *Id.* 515; 2 *Pars. on Cont.* (5th *Ed.*) 179; *Angell on Carriers.* § 134; *Edwards on Bailm.* 448; *Parson's Mercantile Law,* 203; *Story on Bailm.* §§ 533, 537.

DETROIT AND MILWAUKEE R. W. CO. *v.* ADAMS.

If the plaintiffs seek to hold the defendants as carriers, it is for them to show that they had the missing sack in their possession in that capacity. Now the evidence not only does not prove this, but renders it extremely probable that that sack, if it ever was at the depot at all, had disappeared before the liability of the defendants as common carriers commenced.

While the plaintiffs, by permission of the defendants' agent, were using a place in the depot for weighing and marking their wool, having full possession for that purpose, it is difficult to understand how the defendants were liable for wool in any capacity. The plaintiffs occupied a part of the depot for their own convenience, and the wool was no more in possession of the defendants than if they had leased the same part of the depot to the plaintiffs.

The plaintiffs do not show that the missing sack was ever delivered to the defendants in any capacity, inasmuch as it is just as consistent with the testimony, and far more probable, that it was taken away while their draymen were drawing wool to the depot, and they were weighing and marking it, as at any time afterwards.

The defendants, up to the time when the shipping request was sent to the depot, if liable at all, were only liable as gratuitous bailors. — 7 *Mich.* 515 ; *Edwards on Bailm.* 47 ; *Story on Bailm.* 41.

As such they were only liable for gross negligence. *Story on Bailm.* §§ 62, 67 ; *Edwards on Bailm.* 47 ; 2 *Pars. on Cont.* (*5th Ed.*) 89 ; 17 *Mass.* 500 ; 38 *Me.* 55.

*M. E. Crofoot*, for defendant in error.

1. The railroad company is liable, as a common carrier, for the bale of wool.

The company received it into its warehouse, for shipment, in the ordinary course of business; and the delay

in shipping was for its own convenience, so as to obtain cars to ship with.

The full directions were marked on the sacks, and its agent says he did not know to whom wool was consigned, except from marks on bales, until the shipping request came.

CHRISTIANCY J.

This was an action brought by defendants in error against the company, in a justice's court, to recover the value of one sack of wool, alleged to have been delivered to them as common carriers, for transportation.

The justice found the defendants below liable for the wool as common carriers. The proof of the loss was clear and uncontradicted, and that it occurred before the balance of the wool (of which it was a part) was shipped from the depot of the defendants.

And if there was evidence before the justice tending to show that the wool was delivered to, and accepted by the company as common carriers, then the finding of the justice must be held conclusive, though the case should be such that we, if allowed to weigh the evidence, might have arrived at a different conclusion — unless, indeed, it should appear that admitting the truth of the evidence, the plaintiffs, for some reason, had no right to rely upon it, or admitted upon the trial some fact, or state of facts, which would clearly defeat or avoid such tendency. Was there, then, any evidence in this case tending to show that this sack of wool was delivered to, and accepted by the company as common carriers?

It was shown, and not disputed, that the general business of the company was that of common carriers of goods and passengers for hire or reward; that they kept a building or depot in Pontiac for the reception of property for transportion over their road, and for the delivery of property coming to that place upon their road. There

was evidence that the plaintiffs sent one hundred and two packages of wool to this depot, at different times between the 15th and 25th of October. (On which particular day the package subsequently lost was sent, did not clearly appear). That this wool was sent to the defendants' depot for the purpose of transportation over their road, consigned to H. Hollister, Hartford, Ct., which was plainly marked upon the packages, and that the freight agent in charge of the depot was notified of the purpose for which it was sent there, and of the wish of the plaintiffs, that the whole might be sent off together. That the agent told the plaintiffs where to leave the wool, and pointed out the place in the depot where it should be put, and defendants' men assisted in unloading the wool and putting it in. That after part of the wool had been thus delivered, the agent saying he could not then get cars to send it all together, it was agreed that plaintiffs should not send up the balance, until notified by the agent that he could ship it, as he said they were considerably filled up then in the depot with produce; that in a few days after, and about the 24th or 25th of October, having received notice from the agent of his readiness to ship, the balance was sent to the depot. Part of the wool was shipped on the 26th of October, and part on the third of November, but the sack in question was not shipped, and could not be found.

We think this evidence tended strongly to show the delivery to, and acceptance by the defendants as carriers; that it was thus delivered and accepted as it came, and was placed in the depot, and that the delay in the shipment was for the convenience of the company, till the necessary cars could be got ready. But it is insisted by the company that the effect of this evidence was entirely destroyed by a notice to plaintiffs that the company would not be responsible, except upon certain conditions, presently to be mentioned.

The only proof of such notice, and of the time and manner in which it is claimed to have been brought home

to the plaintiffs, is this: After the defendant's agent had given the notice that he was ready to ship, and the balance of the wool had been brought to the depot, the plaintiffs signed a shipping request in the following words:

"The Detroit and Milwaukee Railroad Company will please receive the undermentioned property, addressed to H. Hollister, Hartford, Ct., and transport over its line, subject to its tariff, and forward under condition stated on the other side.

"102 sacks wool.                                              20.300 lbs.

"H. HOLLISTER, Hartford, Ct."

(Signed by plaintiffs.)

The printed form was furnished by the company, and the blanks filled by the plaintiffs. On the opposite side of the same sheet, under the head of "GENERAL NOTICES AND CONDITIONS OF CARRIAGE," was, among others, the following printed notice:

"That they will not be responsible for any article or articles conveyed upon their railroad, unless the same be signed for as received by a duly authorized agent, and a declaration or shipping note upon the regular printed form, as provided, presented to the agent, setting forth the description of the goods, and the parties to whom they are to be delivered. And when goods are intended, after being conveyed by this railroad, to be forwarded by some other company or conveyance to their final destination, the duplicate receipt furnished by the consignor must specify the same, and the articles marked accordingly."

Whatever might have been the effect of this notice, if given in this manner before the property was delivered at the depot, it certainly came too late to affect the question of a prior delivery to and acceptance by the company, as carriers, or·their liability for its safe keeping, while awaiting transportation. At this stage of the transaction, if the property had already been accepted by them as carriers, the plaintiffs had a right to treat the notice as only intended to affect the liability of the company in respect to the *carriage* of the property; if, in fact, it could have

been construed as anything more than this, if given before the property was received in the depot.

The judgment of the Circuit Court, affirming that of the justice, must be affirmed, with costs to defendants in error, in the circuit and in this court.

COOLEY J. and MARTIN Ch. J. concurred.

CAMPBELL J. did not sit.